NOAH G. BLECHMAN (State Bar No. 197167)
noah.blechman@mcnamaralaw.com
JOHN J. SWAFFORD (State Bar No. 321174)
John.Swafford@McNamaraLaw.com
McNAMARA, AMBACHER, WHEELER,
HIRSIG & GRAY LLP
3480 Buskirk Avenue, Suite 250
Pleasant Hill, CA 94523
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendants
COUNTY OF NAPA; NAPA COUNTY SHERIFF'S
DEPARTMENT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORONDE HIKES, an individual,<br><br>         Plaintiff,<br><br>   vs.<br><br>COUNTY OF NAPA; NAPA COUNTY SHERIFF'S DEPARTMENT; COUNTY OF LAKE; LAKE COUNTY SHERIFF'S OFFICE; CHRIS PERRY, individually and in his official capacity; NATHALIE VERDEILLE, individually and in her official capacity; and DOES 1-50, inclusive,<br><br>         Defendants. | Case No.<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. 1441(B) TO U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA**<br><br>**(FEDERAL QUESTION)** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT.

PLEASE TAKE NOTICE that Defendants COUNTY OF NAPA, NAPA COUNTY SHERIFF'S DEPARTMENT hereby remove to this Court the state court action described below.

### I.  **NOTICE OF REMOVAL**

On June 6, 2025, an action was commenced in the Superior Court of the State of California in and for the County of Napa, entitled ORONDE HIKES versus COUNTY OF NAPA, NAPA COUNTY SHERIFF'S DEPARTMENT, et al., as Case Number 25CV001147. Attached hereto as **Exhibit A** is a copy of the Complaint filed on June 6, 2025.

DEFENDANTS' NOTICE OF REMOVAL
OF ACTION UNDER 28 U.S.C 1441(B)

Defendants now provide timely notice of removal of this action per 28 U.S.C. §§ 1446 and 1441(c).

## II. GROUNDS FOR REMOVAL

This is a civil action of which this Court has original jurisdiction under 28 U.S.C. §§ 1331 (federal question), and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(c), in that Plaintiff's Third and Fourth Cause of Actions in his Complaint are alleged Civil Rights Violation type claims per 42 U.S.C. § 1983, as titled in the Complaint, that arises under the Fourteenth Amendment to the U.S. Constitution. Specifically, Plaintiff contends that Defendants (or its employees) violated the Fourteenth Amendment of the U.S. Constitution while Plaintiff was in their custody. (Ex. A, pgs. 6-7.). Plaintiff also, under his Fifth Cause of Action, makes a § 1983 claim directly against Defendants Napa County and the Napa County Sheriff's Office per the theory of an unconstitutional custom, practice, or policy per a *Monell* type claim, another federal claim. (*Id*. at 8-9.). As Plaintiff has alleged federal claim(s) pursuant to the U.S. Constitution, the District Court has original jurisdiction under 28 U.S.C. § 1331 and removal is proper.

Defendants are unaware of any other named defendants who have been served with a Summons and the Complaint other than those herein and thus no joinder to this removal is necessary. The undersigned will be representing the Defendants COUNTY OF NAPA, NAPA COUNTY SHERIFF'S DEPARTMENT, who have been served via the COUNTY OF NAPA, and will be representing CHRIS PERRY and NATHALIE VERDEILLIE if they are later served in relation to this matter. The undersigned will not represent any Lake County related Defendants.

The undersigned attests that permission in the filing of this document(s) has been obtained from the signatory below which shall serve in lieu of the actual signatures on the document(s).

Dated: July 25, 2025   M<small>C</small>N<small>AMARA</small>, A<small>MBACHER</small>, W<small>HEELER</small>,
H<small>IRSIG</small> & G<small>RAY</small> LLP

By:   /s/ Noah G. Blechman
Noah G. Blechman
John J. Swafford
Attorneys for Defendants COUNTY OF NAPA; NAPA COUNTY SHERIFF'S DEPARTMENT

2

DEFENDANTS' NOTICE OF REMOVAL
OF ACTION UNDER 28 U.S.C 1441(B)

# EXHIBIT A

FILED
6/6/2025 9:19 AM
Clerk of the Napa Superior Court
By: Lori Walker, Deputy

Corinne D. Brophy (SBN 342303)
**THE BARNES FIRM, L.C.**
555 12th Street, Suite 1470
Oakland, CA 94607
Tel: (800) 800-0000
Fax: (888) 800-7050
Email: corinne.brophy@thebarnesfirm.com

Attorneys for Plaintiff:
ORONDE HIKES

### SUPERIOR COURT FOR THE STATE OF CALIFORNIA
### IN AND FOR THE COUNTY OF NAPA

| | |
|---|---|
| ORONDE HIKES, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF NAPA; NAPA COUNTY SHERIFF'S DEPARTMENT; COUNTY OF LAKE; LAKE COUNTY SHERIFF'S OFFICE; CHRIS PERRY, individually and in his official capacity; NATHALIE VERDEILLE, individually and in her official capacity; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 25CV001147<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **NEGLIGENCE**<br>2. **NEGLIGENT SUPERVISION/TRAINING**<br>3. **VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983 – EXCESSIVE FORCE/FAILURE TO PROTECT)**<br>4. **VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983 – DELIBERATE INDIFFERENCE TO MEDICAL NEEDS)**<br>5. **FAILURE TO TRAIN/SUPERVISE (MONELL)**<br><br>**DEMAND FOR JURY TRIAL** |

**COMES NOW**, Plaintiff ORONDE HIKES, by and through his attorneys of record, and hereby complains against Defendants COUNTY OF NAPA; NAPA COUNTY SHERIFF'S DEPARTMENT; COUNTY OF LAKE; LAKE COUNTY SHERIFF'S OFFICE; CHRIS PERRY, individually and in his official capacity; NATHALIE VERDEILLE, individually and in her official capacity; and DOES 1-50, inclusive, (collectively referred to as "Defendants"), and alleges as follows:

1

## INTRODUCTION

1. Plaintiff ORONDE HIKES brings this action for damages arising from severe injuries sustained as a result of Defendants' negligence, violations of his civil rights under federal and state law, and failure to provide adequate medical care during a prisoner transport from Lake County Jail to Napa County Jail on or about January 27, 2025.

## PARTIES

2. Plaintiff ORONDE HIKES is, and at all relevant times was, a resident of Los Angeles, CA.

3. Defendant COUNTY OF NAPA ("NAPA COUNTY") is a political subdivision of the State of California and is responsible for the operation of the NAPA COUNTY SHERIFF'S DEPARTMENT and the acts and omissions of its employees Defendant NAPA COUNTY SHERIFF'S DEPARTMENT ("NAPA COUNTY SHERIFF") is a department of the COUNTY OF NAPA.

4. Defendant NAPA COUNTY SHERIFF'S DEPARTMENT ("NAPA COUNTY SHERIFF") is a department of the COUNTY OF NAPA, responsible for law enforcement and the custody and transport of inmates within Napa County.

5. Defendant COUNTY OF LAKE ("LAKE COUNTY") is a political subdivision of the State of California and is responsible for the operation of the LAKE COUNTY SHERIFF'S OFFICE and the acts and omissions of its employees.

6. Defendant LAKE COUNTY SHERIFF'S OFFICE ("LAKE COUNTY SHERIFF") is a department of the County of Lake, responsible for law enforcement and the custody and transport of inmates within LAKE COUNTY.

7. Defendant CHRIS PERRY, at all relevant times, was a Deputy Sheriff employed by Napa County and acting within the course and scope of his employment. He is sued in both his individual and official capacities.

////
////

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

8. Defendant NATHALIE VERDEILLE, at all relevant times, was employed by NAPA COUNTY and acting within the course and scope of her employment. She is sued in both her individual and official capacities.

9. Defendants DOES 1-50 are sued herein under fictitious names. Their true names and capacities are presently unknown to Plaintiff. Plaintiff will seek leave to amend this Complaint to allege their true names and capacities when ascertained. These DOE Defendants include, but are not limited to, employees and agents of NAPA COUNTY and LAKE COUNTY involved in the events, policies, and procedures related to prisoner transport and medical care described herein.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this matter pursuant to California law, including but not limited to California Government Code section 815.2 and common law principles of negligence. See *Martinez v. California*, 444 U.S. 277, 283, fn. 7 (1980) ("state courts may entertain section 1983 claims"); *Brown v. Pitchess*, 13 Cal.3d 518 (1975) (recognizing right to bring §1983 claim in state court).

11. Venue is proper in this Court because a substantial portion of the events and omissions giving rise to this action occurred in NAPA COUNTY, California. Venue is also proper as to events occurring in LAKE COUNTY, as permitted by California Code of Civil Procedure § 395(a).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. Plaintiff has complied with the California Government Claims Act (Cal. Gov. Code § 910 et seq.) by timely submitting administrative claims to the NAPA COUNTY SHERIFF'S DEPARTMENT, the LAKE COUNTY SHERIFF'S OFFICE, as well as government claims to the COUNTY OF NAPA and the COUNTY OF LAKE.

13. Plaintiff served a complaint on the LAKE COUNTY SHERIFF'S OFFICE on February 14, 2025. On March 7, 2025, Lieutenant Rich Ward informed Plaintiff's counsel via email that he was unaware of this matter. Subsequently, Plaintiff's counsel submitted a second complaint. On March 18, 2025, Plaintiff's counsel received a return

of their complaint signed by Lieutenant Rich Ward, directing that a government claim should be filed.

14. Plaintiff filed a Government Claim with the COUNTY OF LAKE on March 24, 2025, which is currently under investigation by the Claims Administrator.

15. Plaintiff was advised by the NAPA COUNTY SHERIFF's Chief Deputy Counsel, Jason Dooley to file a Government Claim on May 1, 2025, and duly filed the claim with the COUNTY OF NAPA on May 21, 2025. This claim is also pending, and this action is timely pursuant to Cal. Gov. Code § 945.6.

## FACTUAL ALLEGATIONS

16. On or about January 26, 2025, Plaintiff was arrested while driving and taken to the Lake County Jail on outstanding warrants.

17. On or about January 27, 2025, Defendants PERRY and VERDEILLE were responsible for Plaintiff's transport from Lake County Jail to Napa County Jail.

18. Defendant PERRY failed to secure Plaintiff with a seatbelt or other appropriate restraint, in violation of established safety standards.

19. While traveling southbound on State Route 29, Defendant PERRY abruptly applied the brakes, causing Plaintiff to be thrown forward and sustain severe injuries.

20. Plaintiff's subsequent requests for medical attention were delayed, resulting in further harm.

21. After a significant delay, an ambulance was called to a nearby parking lot, and Plaintiff was transported to Providence Queen of the Valley Medical Center.

22. Plaintiff was diagnosed with a severe compound fracture to the C3 cervical vertebra, hypertensive injury to the lower back muscles, torn ligaments and bruising of the muscles through the neck, back, and shoulders, and nerve damage in his right hand (loss of sensation between thumb and first finger).

23. Plaintiff was hospitalized for one week, including the first three days while shackled and under guard.

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

24. Plaintiff participated in physical therapy and occupational therapy after being uncuffed on the fourth day. The District Attorney later moved to drop the case.

25. As a result of the incident, Plaintiff was required to wear a neck brace 24/7 for three months, had neurosurgical appointments, and was advised to avoid activities that could jeopardize his ability to walk.

26. As a result of the incident, Plaintiff was unable to work during his hospitalization and recovery, resulting in lost wages and economic damages.

27. Plaintiff alleges that regardless of whether Defendant PERRY's sudden braking was intentional, necessary, or whether PERRY could have taken other evasive action, Defendant PERRY and Defendants breached their duty to Plaintiff to properly maintain his safety and failed to safely transport Plaintiff with the degree of security Plaintiff was owed.

28. On information and belief, Defendants' actions were consistent with a policy, custom, or practice of failing to ensure the safety of inmates during transport and failing to provide timely medical care, reflecting deliberate indifference to the constitutional and statutory rights of persons in custody.

## FIRST CAUSE OF ACTION

### (Negligence – Against All Defendants)

29. Plaintiff realleges and incorporates by reference paragraphs 1 through 28.

30. Defendants, including the LAKE COUNTY SHERIFF'S OFFICE, owed Plaintiff a duty of care to ensure his safety and well-being during all phases of his custody, including the transfer to another law enforcement agency.

31. Defendants owed Plaintiff a duty of care to safely transport him and to protect him from foreseeable harm.

32. LAKE COUNTY SHERIFF'S OFFICE breached this duty by negligently handing over Plaintiff for transport under circumstances that posed an unreasonable risk to his safety, specifically by failing to ensure that Plaintiff would be properly secured in the transport vehicle.

33. The Defendants breached their duty of care by, among other things, (a) failing to ensure that the Plaintiff was secured during transport and/or (b) failing to verify proper safety procedures prior to transferring the Plaintiff; (c) operating the vehicle in an unsafe manner; (d) braking in an excessive and unreasonable manner; and (e) failing to provide timely and adequate medical care after Plaintiff's injury.

34. As a direct and proximate result, Plaintiff suffered severe injuries and damages.

## SECOND CAUSE OF ACTION

### (Negligent Supervision/Training – Against County of Napa, NAPA COUNTY SHERIFF'S DEPARTMENT, COUNTY OF LAKE, LAKE COUNTY SHERIFF'S OFFICE, and Does)

35. Plaintiff realleges and incorporates by reference paragraphs 1 through 28.

36. Defendants failed to adequately train and supervise their employees and agents in the safe transport and handling of inmates and in responding to medical emergencies.

37. This failure was a substantial factor in causing Plaintiff's injuries.

## THIRD CAUSE OF ACTION

### (Violation of Civil Rights – 42 U.S.C. § 1983 – Excessive Force/Failure to Protect – Fourteenth Amendments – Against CHRIS PERRY, NATHALIE VERDEILLE, COUNTY OF NAPA, and Does)

38. Plaintiff realleges and incorporates by reference paragraphs 1 through 28.

39. At all relevant times, Plaintiff was a pretrial detainee in Defendants' custody and entitled to protection under the Fourteenth Amendment to the United States Constitution.

40. Defendants CHRIS PERRY and NATHALIE VERDEILLE, acting under color of law and within the course and scope of their employment with the NAPA COUNTY SHERIFF'S DEPARTMENT, are sued in both their individual and official capacities.

41. Defendants' subjected Plaintiff to excessive force and failed to protect him from harm by (*Kingsley v. Hendrickson*, 576 U.S. 389 (2015)):

Failing to properly secure Plaintiff with appropriate restraints (such as seatbelts) during transport;

Operating the transport van in a manner that posed an unreasonable risk of harm, (including sudden and excessive braking);

Failing to take reasonable steps to prevent foreseeable injury.

42. As a direct and proximate result, Plaintiff suffered constitutional injuries, including physical pain, emotional distress, and medical expenses.

## FOURTH CAUSE OF ACTION

**(Violation of Civil Rights – 42 U.S.C. § 1983 – Deliberate Indifference to Serious Medical Needs –Fourteenth Amendments – Against CHRIS PERRY, NATHALIE VERDEILLE, COUNTY OF NAPA, and Does)**

43. Plaintiff realleges and incorporates by reference paragraphs 1 through 28.

44. Defendants CHRIS PERRY and NATHALIE VERDEILLE, acting under color of law and within the course and scope of their employment with the NAPA COUNTY SHERIFF'S DEPARTMENT, are sued in both their **individual and official capacities** for exhibiting deliberate indifference to serious medical need of Plaintiff by:

  a. Failing to summon prompt medical care for despite Plaintiff's visible injuries.
  b. Dismissing Plaintiff's complaints and delaying necessary treatment.
     i. Specifically, Plaintiff repeatedly requested immediate medical attention, but Defendant Perry drove to a further location before calling for medical assistance.
     ii. Only after a significant delay was an ambulance called, and Plaintiff was transported to Providence Queen of the Valley Medical Center.

45. Defendants' conduct deprived Plaintiff of his constitutional right to adequate medical care under the Fourteenth Amendment.

## FIFTH CAUSE OF ACTION

**(Failure to Train and Supervise – 42 U.S.C. § 1983 – Monell Liability – Against COUNTY OF NAPA, NAPA COUNTY SHERIFF'S OFFICE, COUNTY OF LAKE, LAKE COUNTY SHERIFF'S OFFICE, and Does**

46. Plaintiff realleges and incorporates by reference paragraphs 1 through 28.

47. At all relevant times, Defendant Counties and Sheriff's Departments had in place written policies and procedures governing the safe and secure transport of inmates, including but not limited to NAPA COUNTY SHERIFF'S OFFICE Policy 316.1 and LAKE COUNTY SHERIFF'S OFFICE Policy 306.6. These policies mandated the use of appropriate restraints, the prioritization of inmate safety, and the prompt provision of medical care to injured inmates.

48. Despite the existence of these policies, Defendant Counties and Sheriff's Departments maintained customs and practices that demonstrated deliberate indifference to the safety and well-being of inmates, including:

   a. A failure to adequately train and supervise officers on the proper implementation of policies related to prisoner transport, use of restraints, and medical care.

   b. A widespread practice of ignoring or disregarding policy requirements for ensuring inmate safety during transport, including the failure to use seatbelts or other appropriate restraints.

   c. Failing to enforce policies requiring the prompt provision of medical care to injured inmates.

46. Defendants were aware, or should have been aware, that the above-described customs and practices created a substantial risk of harm to inmates in their custody. The violation of these policies by both law enforcement agencies demonstrates a custom or practice of ignoring established policies.

////

////

47. The failure to properly train and supervise employees, and the deliberate indifference to the enforcement of policies designed to protect inmate safety, was a moving force behind the constitutional violations suffered by Plaintiff.

48. As a direct and proximate result of Defendants' policies, customs, and practices, Plaintiff suffered severe injuries, emotional distress, medical expenses, and other damages as set forth above.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for judgment against Defendants, and each of them, as follows:

1. For general and special damages in an amount according to proof at trial;
2. For punitive damages against the individual defendants as permitted by law;
3. For costs of suit and reasonable attorneys' fees, including pursuant to 42 U.S.C. § 1988;
4. For pre-judgment and post-judgment interest as permitted by law;
5. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

**THE BARNES FIRM, L.C.**

DATED: June 6, 2025

BY: *(signature)* Corinne D. Brophy
Attorneys for Plaintiff
ORONDE HIKES