UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORONDE HIKES,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF NAPA, et al.,<br><br>    Defendants. | Case No. 25-cv-06241-RFL<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 16 |

      Plaintiff Oronde Hikes sued Defendants County of Napa, Napa County Sheriff's Department, County of Lake, Lake County Sheriff's Office, Chris Perry, Nathalie Verdeille, and 50 Doe Defendants, alleging that he was injured during a prisoner transport from Lake County Jail to Napa County Jail. (Dkt. No. 1 at 4 ("Compl.") ¶ 1.)[1]  Doe's complaint comprised five causes of action: (1) a negligence claim against all Defendants; (2) a negligent supervision and training claim against Napa County, Napa County Sheriff's Department, Lake County, Lake County Sheriff's Office, and the Doe Defendants; (3) a Fourteenth Amendment claim for excessive force and failure to protect under 42 U.S.C. § 1983 against Perry, Verdeille, Napa County, and the Doe Defendants; (4) a Fourteenth Amendment claim for deliberate indifference to serious medical needs under section 1983 against Perry, Verdeille, Napa County, and the Doe

---

[1] All references to page numbers in documents on the docket refer to ECF pagination.

Defendants; and (5) a *Monell* claim against Napa County, Napa County Sheriff's Department, Lake County, Lake County Sheriff's Office, and the Doe Defendants. (Compl. ¶¶ 29–48.)

Lake County and Lake County Sheriff's Office ("the Lake County Defendants") now move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Hikes opposes the motion and requests that the Court take judicial notice of three Lake County Sheriff's Office manuals. (Dkt. Nos. 17, 17-2.) For the reasons that follow, the request for judicial notice is **DENIED**, and the motion to dismiss is **GRANTED**. Dismissal is with leave to amend. This order assumes the parties' familiarity with the underlying facts, the applicable legal standards, and both sides' arguments.

Only three of the claims asserted in Hikes' complaint are brought against the Lake County Defendants: the negligence claim, the negligent supervision and training claim, and the *Monell* claim. The complaint fails to assert sufficient facts to render any of the three claims plausible. Accordingly, all three claims must be dismissed. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss.").

*Negligence*. Hikes' complaint fails to state a negligence claim against the Lake County Defendants because it is devoid of any facts establishing (a) that Lake County officers owed Hikes a duty when handing over responsibility for him to Napa County officers and (b) that Lake County officers violated such a duty. As the Lake County Defendants argue, Hikes's complaint has no facts demonstrating that the Lake County Defendants had a duty to "ensure . . . [he] was secured during transport" or "verify proper safety procedures prior to transferring [him]." (Compl. ¶ 33.) Instead, Hikes alleges that Perry and Verdeille—both Napa County employees— were "responsible for [his] transport from Lake County Jail to Napa County Jail," and that it was Perry who "failed to secure [him] with a seatbelt or other appropriate restraint" and "abruptly applied the brakes, causing [him] to be thrown forward and sustain severe injuries." (Compl. ¶¶ 17–19.) These allegations do not disclose what obligations the Lake County Defendants had

to Hikes concerning his transport to Napa County Jail, nor what actions Lake County Defendants took in violation of such obligations.

Hikes argues that the Lake County Defendants owed him a duty to ensure his safety under the special relationship and state-created danger doctrines.  (Dkt. No. 17 at 2.)  Neither doctrine applies.  Under the special relationship doctrine, "when a custodial relationship exists between the plaintiff and the State such that the State assumes some responsibility for the plaintiff's safety and well-being," the State might have a duty to protect the plaintiff "from third parties."  *Henry A. v. Willden*, 678 F.3d 991, 998 (9th Cir. 2012) (quoting *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971 (9th Cir. 2011)).  But Hikes' complaint asserts that he was injured while in the custody of the Napa County Sheriff's Department—after Lake County officers handed him over to Napa County law enforcement.  (Compl. ¶¶ 16–19.)  Once Hikes was transferred out Lake County custody, the special relationship doctrine did not impose a duty on the Lake County Defendants to protect him from third-party harm.  *See Patel*, 648 F.3d at 974 (concluding that a "custodial relationship" is a prerequisite to applying the special relationship doctrine).

Similarly, the complaint fails to plead facts suggesting that the state-created danger doctrine applies.  "[S]tate actors may be held liable where [(a)] they affirmatively place an individual in danger [(b)] by acting with deliberate indifference to a known or obvious danger in subjecting the plaintiff to it."  *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1062 (9th Cir. 2006) (cleaned up).  Hikes' complaint contains no allegations that (a) the Lake County Defendants affirmatively placed him in danger by handing him off to Napa County officers for transport to Napa County Jail or (b) the Lake County Defendants acted with deliberate indifference to the risk that Napa County officers would fail to secure Hikes with a seatbelt and abruptly apply the brakes while transporting him.  The complaint does not even allege that there was a "known or obvious" risk that Perry would fail to secure Hikes with a seatbelt and abruptly brake while transporting him.  Accordingly, the state-created danger doctrine is inapplicable to the allegations in Hikes' complaint.

Hikes also requests that the Court take judicial notice of the Lake County Sheriff's Office Policy Manual and two editions of the Lake County Sheriff's Office Custody Manual (Dkt. No. 17-2), which allegedly imposed duties on the Lake County Defendants during the "entire custodian transfer process" (Dkt. No. 17 at 5). However, Hikes' complaint does not mention the manuals or otherwise contain allegations as to the obligations the Lake County Defendants' owed him during his prisoner transfer. Hikes' request that the Court take judicial notice of the manuals therefore seeks to "supplement the allegations of his complaint with the contents" of the manuals, which is improper. *Mobley v. Workday, Inc.*, No. 23-CV-00770-RFL, 2024 WL 208529, at *3 (N.D. Cal. Jan. 19, 2024); *see also Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993) ("Review is limited to the complaint; evidence outside the pleadings . . . cannot normally be considered in deciding a 12(b)(6) motion." (cleaned up)). Accordingly, Hikes' request is denied. Moreover, even if judicial notice were taken of those manuals, Hikes does not explain how the manuals impose an obligation on Lake County to monitor the adequacy of the Napa County officers' transportation methods.

Finally, Hikes argues that California Code of Regulations Title 15, Section 3379 imposed transfer safety obligations on the Lake County Defendants, including the duty to communicate his specific medical and safety needs to the Napa County officers. (Dkt. No. 17 at 5.) However, Hikes does not specify what medical and safety needs allegedly existed and were not conveyed. Moreover, Section 3379 is a regulation promulgated by the California Department of Corrections and Rehabilitation pursuant to California Penal Code § 5058(a)(1), and governs the transfer of state prison inmates. Hikes identifies no basis to apply that regulation to county jails. Moreover, Section 3379 does not impose requirements on the transport itself, but instead requires certain approvals within CDCR before a transfer of a state prisoner may occur.

Because Hikes' complaint fails to state a negligence claim against the Lake County Defendants, the negligence claim is dismissed.

***Negligent Supervision and Training***. Hikes' complaint fails to state a negligent supervision and training claim against the Lake County Defendants. The complaint states that

4

"*Napa County* deputies transported [Hikes] in *their* own vehicle." (Dkt. No. 16 at 5.) But it contains no allegations suggesting that the Lake County Defendants failed to supervise the Lake County officers who handed Hikes over to Napa County officers or that the Lake County Defendants did not properly train their officers in how to properly hand off inmates to another county's sheriff's department. Moreover, there are no facts alleged in the complaint demonstrating that the Lake County Defendants had a supervisory relationship with Perry and Verdeille such that they could be held liable for Perry and Verdeille's actions under a negligent supervision or training theory. *See I.H.M. v. Contra Costa Cnty.*, No. 22-CV-06026-VC, 2025 WL 1310750, at *3 (N.D. Cal. May 6, 2025). Therefore, Hikes' negligent supervision and training claim against the Lake County Defendants is dismissed.

**Monell** *Liability*. Hikes' complaint fails to state a *Monell* claim against the Lake County Defendants. The complaint contains no non-conclusory allegations that Lake County failed to adequately train its own officers regarding (or that it had a practice of ignoring) proper jail transport protocol. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Furthermore, Hikes' *Monell* claim arises from a single instance during which Napa County officers failed to secure Hikes with a seatbelt and unexpectedly applied the brakes during his prisoner transport from Lake County. But "a single instance of unlawful conduct is insufficient to state a claim for municipal liability" unless "fault and causation were clearly traceable to a municipality's legislative body or some other authorized decisionmaker." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1154 (9th Cir. 2021) (cleaned up). Accordingly, Hikes' *Monell* claim against the Lake County Defendants is dismissed.

*Conclusion*. For the foregoing reasons, Hikes' claims against the Lake County Defendants are dismissed. Dismissal is with leave to amend, as the Court cannot conclude on the current record that allowing amendment as to those claims would be futile. If Hikes wishes to file an Amended Complaint correcting the deficiencies identified above, he shall do so by **January 7, 2026**. Hikes may not add new claims or parties without leave of the Court or

stipulation by the parties pursuant to Federal Rule of Civil Procedure 15. If no such amended complaint is filed by that date, the claims that were dismissed in this Order will remain dismissed. The case is set for an Initial Case Management Conference on **Wednesday, January 28, 2026**.

    **IT IS SO ORDERED.**

Dated: December 3, 2025

                                          RITA F. LIN
                                          United States District Judge